IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

SANDRA BAUTISTA PARRA and ALEXANDER MARIN ESTRADA,

Petitioners,

v.

MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security, in his official capacity; TODD LYONS, Acting Director of U.S. Immigration and Customs Enforcement, in his official capacity; EVAN TJADEN, Acting ICE Field Officer Director, in his official capacity; ROSIE RIVERA, Warden of the Salt Lake County Jail, in her official capacity; TODD BLANCHE, Attorney General of the United States, in his official capacity; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; and U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,

Respondents.

**ORDER FOR BOND HEARING AND STATUS REPORT**

Case No. 2:26-cv-00739

Judge Tena Campbell

On August 10, 2026, Petitioners Sandra Bautista Parra and Alexander Marin Estrada filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241(a), alleging they are being unlawfully confined in violation of the Constitution and laws of the United States. (ECF No. 1.) The court issued an Order to Show Cause directing the Respondents to answer the petition and held a hearing on the petition on August 14, 2026.

The Petitioners, Colombian nationals, allege that they entered the United States lawfully on March 3, 2020, after inspection and admission in B-2 nonimmigrant status. (Id. at 4.)[1] Although that status expired, the petitioners filed a Form I-589, Application for Asylum and for Withholding of Removal, on November 26, 2024. (Id.) That asylum application remains pending, but the Petitioners were nevertheless arrested at the Salt Lake City International Airport on August 8, 2026. (Id. at 5.) They assert that they have committed no crime. (Id.) And the Respondents do not dispute that the Petitioners have no criminal record.

At the hearing, the Respondents agreed that the Petitioners were eligible for a custody redetermination hearing before an Immigration Judge under the regulations promulgated under 8 U.S.C. § 1226. There is a factual dispute about whether the Petitioners appropriately requested this bond hearing. On the one hand, the Form I-213s that U.S. Immigration and Customs Enforcement (ICE) filed in association with the Petitioners' arrests on August 8, 2026, reflects that both Petitioners requested a hearing before an Immigration Judge. But the Petitioners refused to sign a Notice of Custody Determination requesting a review of their custody determination. Regardless, between the oral request for a hearing and the habeas petition now pending before this court, the court finds that the Petitioners are challenging their detention.

The main concern presented by Petitioners' counsel concerning a potential bond hearing is counsel's belief that the Immigration Judges are not acting as impartial decision makers. The Petitioners instead ask for immediate release, arguing that the government violated their due process rights by arresting them after previously agreeing that they could remain in the United States pending a determination of their asylum applications (and choosing not to arrest them at

[1] Citations are to PDF exhibit pages, not internal document pages.

the time those applications were filed), despite no other change in their circumstances or any criminal charges.

The court finds that the Petitioners' claims may have merit. But given the complexity of the relevant law, the court is not prepared to issue an opinion without first conducting careful research into the relevant issues. The court is troubled, however, about whether it is necessary to detain the Petitioners pending the court's resolution of this matter. The court has found nothing in the record to suggest that the Petitioners are a danger to the community or that they pose a flight risk greater than the risk presented by any noncitizen who has been charged with removability. In addition, Respondents' counsel refused to make any representations about whether the Respondents believe that any flight risk could be mitigated with less expensive alternatives to detention, such as through the use of an ankle monitor.

Given the Respondents' agreement that the Petitioners are eligible for a custody redetermination hearing, the court finds no reason to delay this hearing. Should the Immigration Judge agree that the Petitioners be released on bond, several of the arguments raised by the petition may become moot. And should the Immigration Judge order that the Petitioners be detained, the court retains jurisdiction to consider whether the proceeding comported with due process and whether the Petitioners were lawfully arrested in the first place.

**ORDER**

For the foregoing reasons, the court ORDERS as follows:

1. The Respondents are ordered to provide the Petitioners with a constitutionally adequate custody redetermination hearing in front of an Immigration Judge by no later than Thursday, August 20, 2026. If the Petitioners have not received a bond hearing by that time, the court orders the Petitioners' immediate release.

2. The Respondents are ordered to file a status report by Friday August 21, 2026, that explains the results of the bond hearing and the reasons for the Immigration Judge's decision. Should the Petitioners remain detained, the Respondents must also include a statement from ICE explaining why alternate forms of detention, such as an ankle monitor, would not be sufficient to prevent the Petitioners from fleeing while the court considers the merits of their habeas petition.

3. The court continues to order that Petitioners Sandra Bautista Parra and Alexander Marin Estrada shall not be removed from the United States without first obtaining authorization from this court.

4. The Respondents shall provide notice to this court and to Petitioners' counsel if the Petitioners are transferred to a new facility.

5. By August 21, 2026, the Respondents shall provide the court with a copy of the administrative warrants issued to arrest the Petitioners.

6. But August 21, 2026, the Respondents shall provide the court with any documents explaining why the Respondents are unable to keep the Petitioners in a Utah detention facility for more than 72 hours.

DATED this 14th day of August, 2026.

BY THE COURT:

Tena Campbell
United States District Judge